# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| David L. Lisy, | ) | CASE NO. 1:20 CV 1416 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Cuyahoga County, Ohio, et al. | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff's Second Motion to Compel Discovery (Doc. 15). For the reasons that follow, the motion is DENIED.

## BACKGROUND

Plaintiff, David Lisy, brings this action against defendants Cuyahoga County and the Cuyahoga County Sheriff's Department for employment discrimination and retaliation. Plaintiff was employed by defendants as a Sergeant from September 2013 to July 2019.

In January 2015, plaintiff was a supervisor in the Cuyahoga County Sheriff's Detective Bureau. At that time, he was assigned to supervise a Use of Deadly Force ("UDF") investigation

1

team. During his time in his position, he alleges he was subjected to racial discrimination and a hostile work environment. He lodged several complaints regarding this matter. In March 2017, plaintiff was removed from the UDF team and the Detective Bureau and was assigned to the Juvenile Justice Center. Plaintiff alleges that this re-assignment was done in retaliation for reporting the alleged discrimination.

On October 29, 2020, plaintiff served discovery requests on defendants, to which defendants responded on February 5, 2021. Plaintiff was not satisfied with defendants' responses. The parties agreed to limit the scope of plaintiff's discovery requests and in April and May 2021, defendants produced additional documents. Still finding defendants' responses to be deficient, plaintiff filed the current motion, which defendants oppose.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(b)(1) sets forth the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). After making a good faith attempt to resolve a dispute, a party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure if it believes another party has failed to respond to discovery requests or that the party's responses are evasive or incomplete. Fed. R. Civ. P. 37(a). In ruling on such a motion, a trial court has broad discretion in

2

determining the scope of discovery. *Lewis*, 135 F.3d at 402.

**ANALYSIS**

Plaintiff seeks the following from defendants:

- the personnel files (including training and payroll records) of the deputy Sheriff Sergeants listed as an attachment to his counsel's May 19, 2021 email to defendants (Exhibit G);

- the personnel files (including payroll records) of all members of the UDF team.

Plaintiff argues that these requested personnel files are relevant to his *prima facie* case because they have a bearing on whether defendants treated plaintiff "less favorably than similarly situated comparable employees." He also asserts that these files are needed to prove damages incurred from lost overtime opportunities when he was transferred out of the UDF and Detective Bureau.

Defendants object to these requests as irrelevant and overly broad. They argue that they have already "produced personnel records for all Sergeants and Supervisors who had similar jobs, responsibilities, and experiences" to plaintiff. Defendants maintain that the remaining Sergeants contained within the May 19, 2021 list "supervised SWAT, Human Trafficking, Narcotics, Radio and Equipment, Impact Teams, Sex Offenders, Warrants" and are, therefore, not comparable to plaintiff's "roles or responsibilities as a Sergeant in the Detective's Bureau or Juvenile Justice Center." Defendants note that plaintiff also appears to be requesting the personnel files of the detectives on the UDF team. Defendants argue that plaintiff "has not established why he believes that subordinate employees such as the UDF detectives are similarly situated to him."

Upon review, the Court agrees with defendants. To establish a *prima facie* case in the

absence of discrimination, a plaintiff must show, among other things, that "similarly situated non-protected employees were treated more favorably.*" Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016). In order to demonstrate that another employee is similarly situated, the plaintiff must show that the other employee is similar to plaintiff in "all relevant respects." *Ercegovich v. Goodyear Tire & Rubber, Co.,* 154 F.3d 344, 353 (6th Cir. 1998). *See also Stewart v. Esper*, 815 Fed.Appx. 8, 17 (6th Cir. 2020). Indeed, "the plaintiff must prove that all of the relevant aspects of his employment situation are nearly identical to those of the [other employees] who he alleges was treated more favorably." *Leadbetter v. Gilley*, 385 F.3d 683, 691 (6th Cir. 2004) (internal quotations omitted). *See also Mencarelli v. Alfred Williams & Co.,* 656 Fed.Appx. 80, 85 (6th Cir. 2016) Employees with different job titles, duties, and responsibilities from plaintiff are generally not similarly situated. *See Rutherford v. Britthaven, Inc*., 452 Fed.Appx. 667, 672 (6th Cir. 2011); *Mencarelli,* 656 Fed.Appx. at 85.

Here, plaintiff seeks the personnel files of deputy Sheriff Sergeants that did not hold the same position as he did within the Sheriff's Department (i.e., supervising the Detective Bureau and the UDF). These other deputy Sheriff Sergeants, therefore, did not have "nearly identical" employment situations to plaintiff. Plaintiff has provided no meaningful explanation as to how these personnel files of various deputy Sheriff Sergeants are relevant to his claims. *See Gruenbaum v. Werner Enters., Inc*., 270 F.R.D. 298, 302 (S.D. Ohio 2010) ("The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.")

To the extent plaintiff is requesting personnel files of the detectives that served on the UDF team, the Court agrees with defendants that such a request is overly broad. Detectives are

subordinates to sergeants. Accordingly, they cannot be similarly situated.[1] *Rutherford*, 452 Fed. Appx. at 66 ("We have previously held supervisory and non-supervisory employees to not be similarly situated.")

**CONCLUSION**

For the reasons set forth above, Plaintiff's Second Motion to Compel (Doc. 15) is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 6/29/21

---

[1] However, if defendants have not submitted the personnel files and payroll records of UDF team members who served in the same position as plaintiff, these records are clearly relevant and must be produced.